## STATUS OF A GENERAL JUDGMENT WHERE TWO ISSUES ARE PLEADED.

Circuit Court of Cuyahoga County.

GEORGE F. GUND v. THE CLEVELAND STORE FIXTURE COMPANY.*

Decided, March 11, 1907.

*Judgment—Error Relating to. One Issue Only—Not Ground.for Setting Aside a General Judgment—Action against Guarantor of a Vendee.*

Where there are two aspects under which the claim of plaintiff might be established, and the jury found in his favor, the judgment will not be reversed for error relating to one issue exclusively, but will be affirmed unless the errors complained of are of such a character as to vitiate the verdict as to both issues.

*Meyer & Mooney,* for plaintiff in error.
*Carr, Stearns & Chamberlain,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Error to court of common pleas.

The Cleveland Store Fixture Company recovered a judgment below against George F. Gund, as guarantor of payment by the vendee in a contract for bar furniture to be furnished by said company.

In the view we take of this case, it is unnecessary to consider the question whether there is a defect of parties. Gund's guarantee was endorsed on the written contract of sale. By a separate written instrument the company promised Gund that the bar furniture should be accompanied with a union label, and this promise, he alleges in his answer, was not complied with. The plaintiff company in its reply alleges in substance:

1st. That the written promise in regard to the union label was executed and delivered subsquently to the endorsement by Gund of his guarantee upon the contract of sale, and that it was without consideration and void.

---

* Affirmed without opinion, *Gund* v. *Cleveland Store Fixture Co.,* 79 Ohio State, 446.

Second.   That even if valid, the promise was fully performed, not indeed by furnishing bar fixtures that were wholly union made, but by tendering to the vendee a union label that had been in the company's possession from a former time when it carried on a union shop.

This label, it was claimed, was specifically contemplated by the terms of the written promise.

Upon the issues thus joined the jury found generally for the plaintiff company and against Gund.

It is obvious that this result may have been reached through either of the claims set forth in the reply.   If the promise in regard to the union label was made after the guarantee, and was thus without consideration and void, it is unimportant whether plaintiff fulfilled it or not.   If, on the other hand, the promise means what plaintiff claims, and was fulfilled according to its meaning, it is immaterial whether it was valid or invalid.   The verdict as returned implies that the union label promise was an after consideration, and therefore, unforceable; also that it was performed according to the meaning and intent of the parties.   It follows that unless the errors complained of here are such as to vitiate both aspects of the verdict, the judgment must be affirmed, inasmuch as the verdict and judgment can rest indifferently upon either ground.   *McAllister* v. *Hartzell*, 60 O. S., 69, 95; *Smith* v. *Gardner*, 57 O. S., 666; *National Union* v. *Rothner*, 57 O. S., 679; *Beecher* v. *Dunlap*, 52 O. S., 64; *Tod* v. *Wick Bros. & Co.*, 36 O. S., 370, 389; *Union Cent. Life Ins. Co.* v. *Sutphen*, 35 O. S., 360.

(See, however, *The Pennsylvania Company* v. *Miller & Co.*, 35 O. S., 541, overruled, though not indeed on this point by *Railroad Company* v. *The Bowler & Burdick Company*, 63 O. S., 274, 287.)   *Butler* v. *Kneeland*, 23 O. S., 196, and *Sites* v. *Haverstick*, 23 O. S., 626.

The errors complained of relate chiefly, if not wholly, to the latter issue, and we think one or two of the points made by plaintiff in error as to the admission and exclusion of evidence, are well taken.   On the other issue the evidence is in sharp conflict. Mr. Gund testifying that the written promise in regard to the union label was executed and delivered before his guarantee was

endorsed on the contract of sale. On the other hand the Cleveland Store Fixture Company's agent testifies just as distinctly that it was executed afterwards. The jury is the tribunal appointed by law to solve contradictions of this sort, and we can not disturb its finding in this case as being unsupported by the evidence; nor do we find any error in the record affecting the proper submission of this issue to the jury.

It follows, therefore, that the judgment below must be affirmed.

---

### LIABILITY OF ASSIGNEE FOR RENT.

Circuit Court of Hamilton County.

ASSIGNMENT OF FRANK W. HOPKINS.

Decided, January 6, 1912.

*Assignments for the Benefit of Creditors—Liability for Rent of Premises Occupied in Continuing the Business.*

The fact that the lessor of premises occupied by an assignee for the benefit of creditors signed, together with the general creditors, an application for an order continuing the business, does not bar payment of rent by the assignee as part of the expense of administering the trust, where the lessor signed the application for a continuance of the business with the understanding that his claim for rent should not be affected thereby.

*R. P. Hargitt,* for plaintiff in error.
*Worthington & Strong,* contra.

SMITH, P. J.; SWING, J., and JONES, J., concur.

Under the evidence in the above case with the law applicable thereto, it is apparent that the assignee of Frank W. Hopkins, by reason of the order of the court of insolvency to carry on the business of the assignor and the acceptance of the lease of the real estate, as well as the estate, became liable for the rent agreed upon in the lease. This being so, to relieve himself from personal liability, he and the general creditors in two papers